**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONNIE ALTON BRIDGES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-151 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On June 16, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #14], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that the decision of the Administrative Law Judge be affirmed.

Plaintiff filed his objections to the report and recommendation on July 1, 2014 [Doc. #16]. In reviewing whether the Administrative Law Judge ("ALJ") failed to provide good cause for rejecting the opinions of the plaintiff's treating physician, the Magistrate Judge concluded that the ALJ relied on reliable medical evidence, and that substantial evidence supported the decision of the ALJ in this case. The Magistrate Judge further concluded that the ALJ pointed to specific medical records to demonstrate "good cause" for the weight given to the treating physician's opinion, cited to reports from other non-examining physicians, pointed out inconsistencies between the treating physician's assessment of the plaintiff's limitations and his own medical records, and relied on the plaintiff's described daily activities to contradict the

treating physician's findings. The Magistrate Judge also concluded that the ALJ properly evaluated Plaintiff's credibility.

Plaintiff objects to the findings of the Magistrate Judge, arguing that the Magistrate Judge incorrectly adopted the conclusions reached by the ALJ regarding the weight given to the opinion of Plaintiff's treating physician, Dr. Raul Santos ("Dr. Santos"). Specifically, Plaintiff complains that the Magistrate Judge erred when it noted that the ALJ correctly rejected the limitations described by Dr. Santos because they addressed an issue of disability reserved to the Commissioner. Plaintiff contends that this issue is a "red herring" because all medical opinions regarding diagnoses, symptoms, prognosis, and limitations are on issues that are ultimately reserved for the Commissioner. Further, Plaintiff asserts that the Magistrate Judge improperly accepted the ALJ's finding that Dr. Santos' opinion was inconsistent with the treatment records. Plaintiff contends that his primary disability is a cardiac disability, which has nothing to do with the findings in the Magistrate Judge's opinion regarding musculoskeletal problems. Finally, Plaintiff asserts that the Magistrate Judge improperly considered the statements of Plaintiff regarding his self-reported daily activities and limitations. Plaintiff argues that the ALJ did not cite any of these facts as inconsistent with Dr. Santos' opinion, and the reasoning cannot be adopted by the court.

As the Magistrate Judge noted, in an appeal under § 405(g), the court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), 42 U.S.C. § 405(g). The court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in

the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985). The inquiry of the court is limited to whether there is substantial evidence to support the factual findings of the ALJ, which in this case was whether the ALJ had "good cause" to give little or no significant weight to the opinions of the treating physician. In finding that the ALJ had "good cause" to give no significant weight to the opinions of the treating physician in this case, the Magistrate Judge noted that the medical opinion of Dr. Santos amounted to a conclusion that Plaintiff was disabled and could not work, which is a medical opinion that is reserved to the Commissioner. *See Ashford v. Comm'r, Soc. Sec. Admin.*, No. 6:11CV155, 2013 WL 821858, at *8 (E.D. Tex. Mar. 4, 2013); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *Giles v. Astrue*, 433 F. App'x 241, 247 (5th Cir. 2011); *Frank v. Barnhart,* 326 F.3d 618, 620 (5th Cir. 2003) (a doctor's conclusion that a social security disability applicant is disabled or unable to work is not a medical opinion entitled to deference, but rather a legal conclusion reserved to the Commissioner.); *Tamez v. Sullivan,* 888 F.2d 334, 336 n.1 (5th Cir. 1989). The Magistrate Judge further observed that the record was complete and clear, but the evidence contained in the record did not support Dr. Santos' disability opinion, and noted that the ALJ found Dr. Santos' opinion conclusory and inconsistent with the medical record. The Magistrate Judge also noted that evidence in the record indicated that Plaintiff's examinations from 2009-2011 revealed that Plaintiff had normal cardiac examinations, was doing well, and exercised regularly. The evidence of the Commissioner's medical expert who examined the medical record also indicated that Plaintiff's impairments could not reasonably be expected to produce the symptoms to the degree alleged by Plaintiff and Dr. Santos. In addition, the Magistrate Judge noted that Plaintiff's records indicated that he could walk one-eighth of a mile, stand twenty minutes, sit for an hour, climb a flight of stairs, and lift twenty-five pounds overhead. This evidence constitutes

substantial evidence supporting the decision of the ALJ. Plaintiff's objections seem to primarily go to the weight given the evidence by the ALJ, and the ALJ's interpretation of the relevant medical evidence. In short, Plaintiff disagrees with the conclusions reached by the ALJ. However, conflicts in the record and the weight given to the evidence are both issues for the ALJ to resolve, not for this court. Plaintiff's objection is overruled.

Plaintiff also objects to the finding of the Magistrate Judge that the ALJ properly evaluated Plaintiff's credibility. Plaintiff contends that although he is able to exercise, perform chores around the house, help with grocery shopping, and is able to lift, walk, stand, and sit, does not preclude a finding of disability. Plaintiff notes that he need not be bedridden or an invalid to be found disabled.

The Magistrate Judge found that an ALJ has discretion to judge a claimant's credibility and must evaluate subjective complaints in light of the objective medical evidence on record. *Foster v. Astrue*, 277 F. App'x 462, 465 (5th Cir. 2008); *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985). Here, the ALJ used a two-step process to make his credibility determination. First, he examined the medical record and relevant testimony to determine if Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; and second, the ALJ used a seven-factor test to assess Plaintiff's credibility (TR 24). Those factors included (1) the plaintiff's daily activities; (2) the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness and side effects of any medication the plaintiff takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the plaintiff receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (lying flat on

back, standing 15-20 minutes every hour, sleeping on a board); and (7) any other factors concerning the plaintiff's functional limitations and restrictions due to pain or other symptoms. *See* SSR 96-7p. After considering these factors, the Magistrate Judge found that there was substantial evidence supporting the ALJ's conclusion that Plaintiff's symptoms and limitations are outside the range of reasonable attribution according to the medical opinions in the record, and that there was substantial evidence supporting the ALJ's assessment of Plaintiff's credibility. Again, although Plaintiff disagrees with the credibility assessment of the ALJ, there is no reason to suspect that the assessment was in error, as substantial evidence supports this conclusion. Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #14] is adopted, and the decision of the Commissioner is **AFFIRMED**.

**So ordered and signed on**

**Aug 24, 2014**

_____
Ron Clark, United States District Judge